UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIA PORT NEW YORK LLC,

                  Plaintiff,

v.                                                           1:17-CV-1222
                                                              (GTS/CFH)

SEARS, ROEBUCK AND CO.,

                  Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

RYAN LAW PARTNERS LLP                    DAVID M. RUBINSTEIN, ESQ.
  Counsel for Plaintiff
3811 Turtle Creek Blvd.
Dallas, Texas 75219

DICKIE McCAMEY & CHILCOTE LAW FIRM     ADAM J. VENTURA, ESQ.
  Counsel for Defendant                          SCOTT D. CLEMENTS, ESQ.
2 PPG Place, Suite 400
Pittsburgh, Pennsylvania 15222

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this breach-of-contract action filed by Via Port New York LLC ("Plaintiff"), against Sears, Roebuck and Co. ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 6.) For the reasons set forth below, Defendant's motion is granted.

### I.    RELEVANT BACKGROUND

####    A.        Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges as follows. On or about September 22, 1986, Rotterdam Square, L.P., entered into a contract, which provided for

Defendant to lease a department store space (the "Lease") at a shopping center in Rotterdam, New York (the "Mall"). (Dkt. No. 1, ¶ 8.) Plaintiff is the successor in interest to Rotterdam Square, L.P. (*Id.* at ¶ 1.)

The Mall opened on or about September 1, 1988, offering three stores: Hess, Kmart, and Sears. (*Id.* at ¶ 12.) On or about June 5, 1995, the May Department Store Company ("May") purchased Hess to operate a Filene's store. (*Id.* at ¶¶ 16, 19.) Also, on or about June 5, 1995, Plaintiff and Defendant entered into the First Lease Amendment Agreement ("First Amendment"). (*Id.* at ¶ 17.) In pertinent part, the First Amendment altered Section 5 of Part I of the Lease (the "Occupancy Provision"), which provided as follows:

> After October 1, 1995, Tenant may terminate this Lease, if at any time, for a continuous period of more than twelve (12) months, there (i) are not occupants occupying at least sixty percent (60%) of the leaseable floor space of the Shopping Center (not including the leaseable floor space of Department Stores) . . . ; or (ii) if Filene's (or a retail store operating under the same name under which a majority of the stores formerly [prior to any name change] operated under the name Filene's in the state of New York are then being operated) is not open and operating and either (a) J.C. Penney ( . . . ) or (b) Kmart ( . . . ) or (c) a retail store (which generally operates other stores of approximately 60,000 square feet or more) occupying at least 60,000 square feet of floor area in the space shown on Exhibit B as "Kmart" and/or "Kmart Permissible Expansion Area" is not open and operating.

(*Id.* at ¶ 23.)

The First Amendment also contained an expansion clause, pursuant to which Defendant could expand its square footage and trigger the First Amendment rent provision. (*Id.* at ¶ 37.) The rent provision provided that, if Defendant expands its store to 103,296 square feet in the Mall, the fixed rent payable by Defendant to Plaintiff shall be $361,536.00 per year, plus additional rent based on sales. (*See generally* Dkt. No. 1.)

2

In 2005, May sold Filene's to Federated Department Stores, and Filene's name changed to Macy's. (*Id.* at ¶¶ 44-45.)

On or about September 11, 2012, Defendant entered into a Third Lease Amendment Agreement ("Third Amendment"), which extended the Lease until August 31, 2018, with options for four additional five-year periods. (*Id.* at ¶ 50.)

In March 2015, Macy's closed its store at the Mall. (*Id.* at ¶ 52.) At that time, Defendant did not seek to renegotiate the Lease, but continued to operate at the Mall and pay rent. (*Id.* at ¶¶ 53-54.) Defendant then closed its store at the Mall in August 2016. (*Id.* at ¶ 55.) Kmart was still open and operating in August 2016. (*Id.* at ¶ 56.) J.C. Penney has never been open or operating at the Mall. (*Id.* at ¶ 32.)

Based upon the foregoing allegations, the Complaint asserts the following two claims: (1) a claim that Defendant breached its contract with Plaintiff by (a) failure to continuously operate Sears at the Mall, and (b) failure to pay rent due under the contract; and (2) a claim that Defendant's breach entitles Plaintiff to declaratory judgment declaring that the Lease is an executory contract pursuant to 11 U.S.C. § 365 of the Bankruptcy Code. (*See generally* Dkt. No. 1 [Pl.'s Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B.  Parties' Briefing on Defendant's Motion to Dismiss

Generally, in support of its motion to dismiss, Defendant asserts the following two arguments: (1) Defendant properly terminated the Lease pursuant to Section 5, Part 1 of the First Amendment; and (2) Plaintiff's declaratory judgment action is improper because this is not an

executory contract pursuant to 11 U.S.C. § 365. (*See generally* Dkt. No. 6, Attach. 1 [Def.'s Mem. of Law].)

Generally, in Plaintiff's opposition to Defendant's motion, Plaintiff asserts the following two arguments: (1) pursuant to the parties' contract, Defendant was not permitted to terminate the Lease while Kmart was open and operating because (i) logic dictates that the termination provision precludes Defendant from terminating the Lease unless all of the other department stores cease to be open and operating, (ii) Defendant's interpretation of the termination provision is unreasonable and contrary to the parties' intent expressed in the Lease, and (iii) even if Defendant's interpretation of the contract is plausible, the termination provision is ambiguous such that the motion to dismiss should be denied; and (2) Plaintiff's request for declaratory judgment is ripe. (*See generally* Dkt. No. 7 [Pl.'s Opp'n Mem. of Law].)

Generally in its reply, Defendant asserts the following two arguments: (1) the Lease unambiguously provides Defendant with the right to terminate if Filenes and either J.C. Penney or Kmart (or another department store) is not open and operating for a continuous period of twelve months; and (2) extrinsic evidence may not be considered where the agreement is unambiguous. (*See generally* Dkt. No. 10 [Def.'s Reply Mem. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d

4

204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases);

---

[1] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

*Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

7

(2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

### B. Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for the review of the parties. (*See*

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

*generally* Dkt. No. 6, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 7 [Pl.'s Opp'n Mem. of Law]; Dkt. No. 10 [Def.'s Reply Mem. of Law].)

### III. ANALYSIS

#### A. Whether Plaintiff's Claim for Breach of Contract Should Be Dismissed Because Defendant Properly Terminated the Lease Pursuant to Section 5, Part I.

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. (Dkt. No. 6, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 10 [Def.'s Reply Mem. of Law].) To those reasons, the Court would only add two points.

First, the Court agrees with Defendant's interpretation of the relevant provisions of the contract. A contract is unambiguous when the terms have "a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion." *White v. Cont'l Cas. Co.*, 9 N.Y.3d 264 (N.Y. 2007). Here, the Court reads the relevant provision to mean as follows: Defendant may terminate the lease, if at any time, for a continuous period of more than twelve months, (1) Filene's is not open and operating, and (2) if any of the following conditions occur (a) J.C. Penney is not open and operating, or (b) Kmart is not open and operating, or (c) a retail store (which generally operates other stores of approximately 60,000 square feet or more) is not open and operating. To transform the word "or" into an "and" would "render the contract provisions meaningless or superfluous." *Manley v. AmBase Corp.*, 337 F.3d 237, 250 (2d Cir. 2003).

The parties agree that Filene's (called "Macy's" after it changed its name in 2005) had not been open and operating at the Mall for a continuous period of more than twelve months

prior to Defendant's termination of the lease. (Dkt. No. 1, at ¶¶ 52, 55.) Further, the parties agree that J.C. Penney has never opened or operated at the Mall. (Dkt. No. 1, at ¶¶ 31-32; Dkt. No. 6, Attach. 1, at 8.) Therefore, pursuant to the unambiguous terms of the Lease, Defendant was permitted to terminate the Lease.

Second, for Plaintiff's interpretation of the relevant provision to be accurate, the language should have read as follows:

> After October 1, 1995, Tenant may terminate this Lease, if at any time, for a continuous period of more than twelve (12) months, there (i) are not occupants occupying at least sixty percent (60%) of the leaseable floor space of the Shopping Center (not including the leaseable floor space of Department Stores) . . . ; or (ii) if Filene's (or a retail store operating under the same name under which a majority of the stores formerly [prior to any name change] operated under the name Filene's in the state of New York are then being operated) is not open and operating and *neither* (a) J.C. Penney . . . *nor* (b) Kmart . . . *nor* (c) a retail store (which generally operates other stores of approximately 60,000 square feet or more) occupying at least 60,000 square feet of floor area in the space shown on Exhibit B as "Kmart" and/or "Kmart Permissible Expansion Area" *are* . . . open and operating.

(emphasis added). The word "either" is defined by *Black's Law Dictionary* as "[e]ach of two; one or the other; one or the other of two alternatives; one of two. Often used, however, with reference to more than two, in which case it may mean 'each' or 'any.'" *Black's Law Dictionary* at 463 (5th ed. 1979). The Lease's use of the terms "either," "or," and the singular "is" makes clear that the parties' intent was for Defendant to be permitted to terminate the lease under the circumstances presented here.

For all of these reasons, the Court finds that Defendant did not breach the contract when it terminated the Lease and Plaintiff's claim for breach of contract is dismissed.

### B. Whether Plaintiff's Claim for Declaratory Judgment Should be Dismissed Because the Action Is Improper

The Second Circuit has explained that "[t]he [Bankruptcy] Code does not define the term 'executory contract.' In *Eastern Air Lines, Inc. v. Ins. Co. of Pa. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992 (2d Cir. 1996), we characterized an executory contract as one 'on which performance remains due to some extent on both sides.'" *In re Penn Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (citing *Eastern Air Lines, Inc.*, 85 F.3d at 998-99).

As set forth above in Part III.A. of this Decision and Order, the Court has decided that Defendant was permitted to terminate the Lease. Therefore, there is no basis for maintaining Plaintiff's request for declaratory judgment declaring the contract in question an executory contract under 11 U.S.C. § 365 because there is no performance remaining due by Defendants.

For these reasons, the Plaintiff's claim for declaratory judgment is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 6, Attach. 1) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No.1) is **<u>DISMISSED</u>**.

Dated: September 4, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge